**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JIMMIE DEVOUX,

                    Plaintiff,

v.                                        Case No. 3:12-cv-540-J-34JBT

WALTER W. WISE, et al.,

                    Defendants.

_____

## <u>ORDER</u>

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 188; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on February 12, 2014.   In the Report, Magistrate Judge Toomey recommends that Defendants' Joint Motion to Enforce Mediated Settlement Agreement and Dismiss this Case with Prejudice (Doc. No. 177; Defendants' Motion) be granted to the extent that the Mediated Settlement Agreement (Doc. No. 184-2; Settlement Agreement) should be enforced, and be denied to the extent that Defendants' Motion seeks attorney's fees and costs against Plaintiff. <u>See</u> Report at 14.  The Report further recommends that Plaintiff's Motion for Relief from Judgment and Order, and the Mediator's Report Filed on October 28, 2013, Pursuant to Rule 60, Fed. R. Civ. P. (Doc. No. 180; Plaintiff's Motion) be denied. <u>See</u> Report at 14.  On March 3, 2014, Plaintiff filed his objections to the Report. <u>See</u> Plaintiff's Opposition to the Magistrate Judge Report and Recommendation Pursuant to 28 U.S.C.B. [sic] 636(b)(1) (Doc. No. 189; Objections).   Defendants responded in opposition to the Objections on March 12, 2014. <u>See</u> Defendants' Response to Plaintiff's Opposition to the

Magistrate Judge's Report and Recommendation (Doc. No. 190; Response to Objections).

Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review the legal conclusions in the report de novo.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

In Defendants' Motion, Defendants seek to enforce the Settlement Agreement, which the parties reached at the mediation held on October 24, 2013.  See Defendants' Motion at 1-4.  Under the terms of the Settlement Agreement, Plaintiff agreed to accept $8,000 in exchange for dismissal of his suit against Defendants with prejudice.  See id. at 2-3; see also Settlement Agreement at 1.  At the mediation, Defendants tendered payment in the form of a check which Plaintiff promptly deposited.  See Defendants' Motion at 3; Plaintiff's Objection to the Mediator's Settlement Agreement Submitted by the Defendants (Doc. No. 187) at 1.  In Plaintiff's Motion, he seeks to set aside the Settlement Agreement based on his medical condition and/or his alleged mistreatment during mediation.  See Plaintiff's Motion at 1-3.  Plaintiff also alleges that the original settlement amount was $10,000, but $2,000 was wrongfully deducted from that amount as a processing fee for same-day payment.  See id. at 2.

In resolving both Defendants' and Plaintiff's Motions, the Magistrate Judge found that, at a minimum, even if there may have been grounds for rescission of the Settlement Agreement, Plaintiff ratified the agreement when he accepted and retained payment.  See Report at 7-8.  At that point, any deficiencies in the formation of the Settlement Agreement, such as the alleged duress or incapacity, were removed.  See id. at 8.  Alternatively, the Magistrate Judge found that Plaintiff's allegations of duress were implausible, and his allegations of incapacity at the time he executed the Settlement Agreement were legally insufficient to avoid its enforcement.  See id. at 9-12.

Upon independent review of the file, the Court agrees with the Magistrate Judge's conclusion that Plaintiff has ratified the Settlement Agreement and it is enforceable for the reasons stated in section III(A) of the Magistrate Judge's Report.  Having determined that a finding of ratification is sufficient to grant Defendants' Motion to the extent that it seeks enforcement of the Settlement Agreement and to deny Plaintiff's Motion, the Court need not adopt or otherwise review the alternative bases for the Magistrate Judge's recommendations.  Plaintiff's Objections relate to these alternative findings in that Plaintiff restates and supplements the allegations as to his medical conditions and the voluntariness of his consent to the Settlement Agreement.  See generally Objections.  Indeed, Plaintiff's Objections do not at all address the issue of ratification, which this Court finds dispositive, notwithstanding any allegations of duress or incapacity.  Accordingly, the Court determines that Plaintiff's Objections[1] are due to be overruled, and sections I, II, III(A), III(D), and IV of

---

[1]      The Court notes that Defendants have included an objection to the Magistrate Judge's recommendation that the Court deny Defendants' request for attorney's fees.  See Response to Objections at 3-4.  Although this objection was neither timely made nor properly filed as a separate objection, the Court
(continued...)

the Report are due to be adopted as the opinion of the Court.  Accordingly, it is hereby

**ORDERED:**

1.    Plaintiff's Opposition to the Magistrate Judge Report and Recommendation Pursuant to 28 U.S.C.B. [sic] 636(b)(1) (Doc. No. 189) is **OVERRULED**.

2.    Sections I, II, III(A), III(D), and IV of the Magistrate Judge's Report and Recommendation (Doc. No. 188) are **ADOPTED** as the opinion of the Court.

3.    Defendants' Joint Motion to Enforce Mediated Settlement Agreement and Dismiss this Case with Prejudice (Doc. No. 177) is **GRANTED, in part, and DENIED, in part**, as follows:

a.    Defendants' Motion is **GRANTED** to the extent that the Court will enforce the Settlement Agreement.

b.    Otherwise, Defendants' Motion is **DENIED**.

---

[1](...continued)
has reviewed Defendants' argument and concludes that it is due to be overruled.  Defendants contend that they did not initially object to the Report as to attorney's fees, but now that they have had to respond to Plaintiff's Objections, and Plaintiff has repeated his allegations, this Court should find that "the instant allegations and his objections are indeed vexatious and made in bad faith" and award Defendants their attorney's fees incurred as a result of Plaintiff's challenge to the Settlement Agreement. Id. at 4.  Defendants cite two additional cases in support of their objection: McManus v. St. Joseph Hospital Corp., 79 F. App'x 170 (6th Cir. 2003) and Seals v. Herzing, Inc.-New Orleans, No. 10-2848, 2012 WL 85280 (E.D. La. Jan. 11, 2012).  In McManus, the Sixth Circuit, without recounting the "extensive history" of the case, determined that the district court did not abuse its discretion when it awarded attorney's fees for responding to a motion to set aside a settlement agreement nor did the court do so when it declined to impose Rule 11 sanctions against the plaintiff.  McManus, 79 F. App'x at 172.  In Seals, the district court concluded that the plaintiff's motion was unsupportable and the defendant was therefore entitled to the fees associated with responding to the motion and pursuing its own motion to enforce the settlement.  Seals, 2012 WL 85280, at *4.  However, in this case, the Court does not have sufficient information to support a finding that Plaintiff is acting in bad faith instead of, as the Magistrate Judge supposed, operating under "a severe misunderstanding of the mediation process." See Report at 13. The Court therefore determines that, to the extent Defendants' Response to Objections contains an objection, that objection is due to be overruled.

4.     Plaintiff's Motion for Relief from Judgment and Order, and the Mediator's Report Filed on October 28, 2013, Pursuant to Rule 60, Fed. R. Civ. P. (Doc. No. 180) is **DENIED**.

5.     This case is **DISMISSED WITH PREJUDICE**.

6.     Each party shall bear their own attorneys' fees and costs.

7.     The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of April, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record

Pro Se Plaintiff